UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ORLANDO SANDERS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-03479 |
| | § | |
| ENTERPRISE OFFSHORE DRILLING LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

Pending before me is Defendant Enterprise Offshore Drilling LLC's Motion to Strike Exhibit and for Contempt of Court's Order ("Motion to Strike"). Dkt. 36.

### BACKGROUND

Plaintiff Orlando Sanders ("Sanders") is an African-American male who worked for Enterprise Offshore Drilling LLC ("Enterprise") as a roustabout on a drilling rig. Sanders claims he was terminated based upon his race and because he complained of race discrimination.

As the discovery process in this case unfolded, a dispute arose as to whether Sanders could take the deposition of James Aday ("Aday"), his supervisor at Enterprise. On October 18, 2023, I held a discovery hearing and, after entertaining argument from counsel, ordered that Aday's deposition be taken by the end of November 2023.

On November 8, 2023, my case manager received a frantic email from Enterprise's counsel. In that email, Enterprise's counsel informed the Court that, although he was on vacation, he had just learned that Sanders's counsel was in the process of taking Aday's deposition that very morning—with no counsel for Enterprise in attendance. *See* Dkt. 28. Enterprise's counsel asserted that Sanders's counsel had arbitrarily scheduled the deposition without making a good faith effort to schedule the deposition by agreement. Additionally, Enterprise's counsel

complained that the deposition was scheduled on a date that Sanders's counsel knew Enterprise's counsel would be on vacation, and that Enterprise's counsel did not receive notice of the deposition.

I immediately scheduled a hearing, which took place on the afternoon of November 8, 2023. At that hearing, I learned the following undisputed facts: (1) Sanders's counsel did not confer with Enterprise's counsel prior to setting the date and time for Aday's deposition; (2) Sanders's counsel knew that Enterprise's counsel was unavailable on November 8, as Sanders's counsel had informed the Court on October 12, 2023 that Enterprise's "counsel is not available until the last two weeks of November for [a] deposition" (Dkt. 23 at 2); and (3) Sanders's counsel sent notice of the deposition by mail to Enterprise's counsel's P.O. Box a few days before the deposition, but Enterprise's counsel had not seen the deposition notice before he left for vacation. After hearing argument from both sides, I ordered the parties to confer and schedule Aday's deposition for a mutually convenient time. I also ordered that "[t]he deposition of Mr. Aday taken today [November 8, 2023] without defense counsel present cannot be used in this matter." Dkt. 32.

By agreement of the parties, Aday's deposition took place with both counsel present on December 1, 2023. At that deposition, Sanders's counsel attached as an exhibit a copy of the November 8, 2023 deposition transcript—the deposition I held could *not* be used in this matter. Enterprise now asks that I (1) direct the court reporter to remove the exhibit from the transcript of the December 1, 2023 Aday deposition; (2) strike all questioning about the November 8, 2023 transcript from the record; and (3) hold Sanders in contempt of the Court's November 8, 2023 Order and sanction Sanders for such conduct. Sanders argues that he should be able to use the November 8, 2023 transcript for impeachment purposes. According to Sanders, the testimony Aday offered on November 8, 2023 is substantively different than the testimony he gave on December 1, 2023, and Sanders wants to present such evidence in an effort to avoid summary judgment.

## ANALYSIS

This is not a close call. I previously held that "[t]he deposition of Mr. Aday taken today [November 8, 2023] without defense counsel present cannot be used in this matter." Dkt. 32. I meant what I said. There are no exceptions. The reason I expressly prohibited the use of the November 8, 2023 deposition transcript is because I found that Enterprise did not receive "reasonable written notice" of the deposition. *See* FED. R. CIV. P. 30(b)(1). It is incumbent on a party seeking to take a deposition to contact the other side and make every effort to schedule the deposition by agreement. *See* THE TEXAS LAWYER'S CREED—A MANDATE FOR PROFESSIONALISM § III.14 (SUP. CT. OF TEX. & CT. OF CRIM. APPEALS 1989) ("I will not arbitrarily schedule a deposition . . . until a good faith effort has been made to schedule by agreement."). That was not done here. Moreover, the record is clear that the November 8, 2023 deposition was scheduled on a date that Sanders's counsel had represented to the Court that Enterprise's counsel could not attend. *See* Dkt. 23 at 2. Sanders's counsel never even bothered to send an email to Enterprise's counsel to notify him of the proposed November 8, 2023 deposition date. It is clear that Enterprise's counsel was not aware that Sanders intended to depose Aday on November 8, 2023 until he received a message from his office that morning, while he was on vacation, that Sanders's lawyer had called asking if he was going to attend the deposition.

It is patently unfair for a party to attempt to use a deposition transcript to impeach a witness when the deposition was taken without proper notice. Had Enterprise's counsel been at the November 8, 2023 deposition, he could have objected to improper questions and posed additional questions aimed at clearing up any ambiguities or confusion. Accordingly, it should come as no surprise that the Fifth Circuit has, for the past 74 years, repeatedly held that depositions taken without proper notice are inadmissible. *See Matter of Baum*, 606 F.2d 592, 593

n.1 (5th Cir. 1979); *Mims v. Cent. Mfrs. Mut. Ins. Co.*, 178 F.2d 56, 59 (5th Cir. 1949).[1] There is no reason to deviate from that well-established rule here.

In short, the November 8, 2023 Aday deposition transcript cannot be used in this matter. No exceptions. The November 8, 2023 Aday deposition transcript cannot be offered in an attempt to create a fact issue at the summary judgment stage. The November 8, 2023 Aday deposition transcript cannot be offered at trial for any purpose. To make sure there is absolutely no confusion, I turn to the legendary words of Dr. Seuss: The transcript cannot be used "here or there"; it cannot be used "anywhere." DR. SEUSS, GREEN EGGS AND HAM 16 (1987). The November 8, 2023 Aday deposition transcript is a nullity.

## CONCLUSION

Enterprise's Motion to Strike is **GRANTED** to the extent Enterprise seeks to prohibit Sanders from utilizing the November 8, 2023 Aday deposition transcript in this litigation. I **DENY** the Motion to Strike insofar as Enterprise asks me to hold Sanders's counsel in contempt and impose sanctions.

SIGNED this 18th day of December 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] Indeed, the requirement that "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action" has existed since the inception of the Federal Rules of Civil Procedure. FED. R. CIV. P. 30(a) (1939).